In the Matter of the Accounting of WARREN S. KIMBER et al., as Trustees under the Will of LIZZIE K. GOMBERS; Deceased.

Surrogate's Court, Kings County, July 27, 1955.

*Alex B. Mutterperl* and *Louis J. Merrell* for trustees, petitioners.

Moss, S.   This is an accounting proceeding by the trustees in which a construction is sought of the residuary clause of the will of the testatrix who died February 7, 1936.   At decedent's death she was survived by two sisters, five nephews and one niece as her only distributees.   Since her death one of the nephews died in California, testate.

On August 5, 1936, the interested parties entered into an agreement of construction of the will.   Pursuant to this instrument payments of income have been regularly made to the designated beneficiaries.   By reason of the death of one of the life beneficiaries, the trustees who are nephews and signatories to the agreement are concerned that if the paragraph in question is literally read a construction other than that agreed upon may result.

In the *Matter of Woodward* (117 N. Y. 522, 525) it is stated: " In a will, as in a statute, the spirit is to prevail, and the letter is not to be adhered to if a different signification can be gathered from the whole context of the instrument."   If a literal interpretation of the will would bring about an unreasonable result such a construction will be rejected.

By the provisions of the will one half of the income is to be paid to each of two sisters " during the term of her natural life."   The ambiguity, if any, stems from the use of the word " either " as to the termination of the trust.   The sisters herein were natural objects of the bounty of the testatrix and the testatrix intended to provide an income for them during their natural lives.   The court cannot ascribe an intention to the testatrix to defeat her primary purpose of providing an income during the life of her sisters by a literal interpretation of the word " either " but will construe it in accord with the general scheme of the testatrix to mean that the trust for the particular sister ceases on her death.

The second problem with which the trustees are concerned is whether the remainder interests are vested.   The will directs that upon the termination of the intervening life estate " that the trust herein created shall cease and determine and the principal thereof divided and paid over to my nephews and nieces share and share alike."

It is to be observed that the gift to the remaindermen is without limitation and there are no words of survivorship which import an intention of the testatrix to vest the remainder subject to the life estates created by her for the benefit of her sisters.   As the remainder was vested on the death of the

testatrix the share of her nephew who predeceased the life tenant is not defeated but is payable to his executors.

Even if it were conceded that there was doubt respecting the construction of the residuary clause, it must be held that the practical construction adopted by the parties is now the law of the case. The first and third questions are answered in the affirmative and as to the second question it is the determination of the court that the remainder was vested at the death of the testatrix. Submit decree.